# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARY LEY,

        Plaintiff,

v.                                         Case No. 09-C-1108

WISCONSIN BELL, INC.,

        Defendant.

## ORDER DENYING MOTION
## FOR RECONSIDERATION

On May 11, 2011 this Court denied Defendant Wisconsin Bell, Inc.'s motion for summary judgment after concluding that genuine issues of material fact exist regarding Wisconsin Bell's decision to terminate Plaintiff Mary Ley's employment. (Dkt. 28.) Wisconsin Bell now moves for reconsideration. (Dkt. 30.)

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

**BACKGROUND**

The relevant facts are detailed in this Court's May 11, 2011 Memorandum and Order denying summary judgment (Dkt. 28) and will not be repeated here. In summary, Ley alleges that Wisconsin Bell violated the Americans with Disabilities Act (ADA) by terminating her employment shortly after – and because – she was diagnosed with Multiple Sclerosis (MS). Ley also alleges that Wisconsin Bell terminated her in retaliation for her use of leave under the Family and Medical Leave Act (FMLA). Wisconsin Bell counters that Ley was terminated because of her poor handling of several phone calls in the call-center where she worked as a customer service representative. In ruling on the summary judgment motion the Court was presented with 77 proposed findings of fact from Wisconsin Bell (Dkt. 20) and an additional 50 proposed findings of fact from Ley. (Dkt. 24.)

**ANALYSIS**

In support of its motion for reconsideration, Wisconsin Bell argues that this Court misapplied a recent United States Supreme Court case, *Staub v. Proctor Hosp.,* 131 S. Ct. 1186 (2011), in concluding that Ley met her burden of establishing wrongful discharge under the direct method of proof. With regard to the indirect method, Wisconsin Bell argues that this Court misapplied the burden of proof and the business judgment rule. These arguments do not justify reconsideration.

**1. Direct Method**

Wisconsin Bell argues that *Staub* is inapplicable because Manager "Devroy did not take any *action* that caused Ley's discharge." (Br. in Sup. of Recons., Dkt. 31 at 4.) In *Staub,* the Supreme Court addressed "the circumstances under which an employer may be held liable for employment

discrimination based on the disciplinary animus of an employee who influenced, but did not make, the ultimate employment decision." 131 S. Ct. at 1189. The Supreme Court held that "if a supervisor performs an act motivated by [discriminatory] animus that is *intended* by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable [for discrimination]." *Id.* at 1194 (emphasis in original). The Supreme Court also ruled that "if the employer's investigation results in an adverse action for reasons unrelated to the supervisor's original biased action, then the employer will not be liable." *Id.* at 1193.

Wisconsin Bell argues that Manager Devroy took no action that caused Ley's discharge. But this argument does not square with Wisconsin Bell's *own* statement that "Manager Devroy admits she was Ms. Ley's supervisor at the time her employment was terminated, admits that she recommended the termination of Ms. Ley, and admits that [the ultimate decision maker] 'relied on me providing information regarding the situation'(regarding the alleged phone calls)." (Def's Resp. to Plaintiff's Additional Prop. Findings of Fact, Dkt. 27 at ¶ 43.) Put simply, by recommending Ley's termination Manager Devroy did take *action* that caused Ley's discharge. Wisconsin Bell now suggests that Manager Rockman "did not need to rely on any information from Devroy in assessing the calls" or in making the ultimate decision to terminate Ley. (Br. in Sup., Dkt. 31 at 7.) Whether Manager Rockman needed to rely on Devroy's input is irrelevant where, as here, there is a genuine issue of material fact over whether he *did* rely on her recommendation. Wisconsin Bell paints Manager Devroy as "nothing more than a conduit of objective, recorded information." (*Id.* at 8.) But Wisconsin Bell's arguments are contradicted by Manager Devroy's statement that she recommended Ley's termination and that the ultimate decision maker did "rel[y] on [Devroy]

3

providing information regarding the situation." (Dkt. 27 at ¶ 43.)  By recommending termination, Devroy did significantly more than merely provide "objective, recorded information."  A recommendation in favor of termination is an expression of a manager's opinion; it is *not* a statement of objective fact.  Making such a recommendation is an action that could certainly be a proximate cause of termination. These factual issues must be decided by a jury.

Further, a jury could find that Manager Devroy harbored a discriminatory animus toward Ley.  Accepting the facts in a light most favorable to Ley, Manager Devroy made a comment to Ley to the effect that "since you have missed so much time this year (on medical leave), you had better sell your butt off."  (Pl.'s Additional Proposed Findings of Fact, Dkt. 24 at ¶ 19.).  Devroy denies making the statement (DRPF ¶ 19) but a jury could believe Ley instead of Devroy.

In sum, this Court's application of *Staub* to the facts in Ley's case fall short of a wholesale disregard or misapplication of controlling precedent.  As the Seventh Circuit has noted "[s]ummary judgment is generally improper where the plaintiff can show that an employee with discriminatory animus provided factual information or other input that may have affected the adverse employment action." *Dey v. Colt Construction & Development Co.,* 28 F.3d 1446 at 1459 (7th Cir. 1994).  Here Devroy's factual information, input, and recommendation that Ley be fired *may have* affected Ley's termination and a jury could decide that Devroy's actions were *a* proximate cause of Ley's termination.  As such, reconsideration is not warranted.

**2. Indirect Method**

In its May 11, 2011 Order the Court only discussed the indirect method of proving wrongful discharge under the ADA and the FMLA as an *alternative* basis for denying summary judgment. The denial of summary judgment will stand because, as discussed above, the Court remains

4

persuaded that Ley has met her burden under the direct method. Although it is therefore unnecessary to address Wisconsin Bell's next two arguments for reconsideration, I will do so briefly in the interest of completeness.

First, Wisconsin Bell argues that this Court failed to view Ley's performance through the eyes of her supervisors. To the contrary, the Court specifically concluded that "[w]hether Ley mistreated the two customers is an issue subject to multiple interpretations, even when viewing Ley's performance through the eyes of her supervisors, and so summary judgment should not be granted." (Mem and Order at 15 citing *Gates v. Catepillar, Inc.,* 513 F.3d 680, 689 (7th Cir. 2008).)

Second, Wisconsin Bell argues that by not submitting audio recordings of the August phone calls to the Court Ley failed to meet her burden under the indirect method. Whether Ley's counsel's computer was or was not able to play such audio recordings is insignificant. This Court concluded that there were genuine issues of material fact after reviewing only transcribed excerpts from the disputed phone calls. Wisconsin Bell cannot both make the tone and context of the phone calls an issue and simultaneously fault Ley for not providing such recordings to the Court. Termination decisions at the Appleton call-center appear to be more dynamic than the black and white determination presented by Wisconsin Bell. That is, Wisconsin Bell did not automatically terminate every call-center employee who hung up on customers. The parties discuss Wisconsin Bell's handling of a non-disabled call-center employee who hung up on a caller. This other employee was not fired for hanging up on the caller – in part because the customer used profanity during the call. Such a distinction turns on the nature and tone of the calls. A jury will need to listen to such calls to determine whether Ley mistreated customers and whether Ley's handling of customer calls is distinguishable from how non-disabled employees who were not terminated handled customer calls.

Again, these points regarding the indirect method of proof are not necessary. Even if this Court did err in its analysis of the indirect method of proof, reconsideration is not warranted because the Court's denial of summary judgment is supported by its analysis of the direct method of proof.

## CONCLUSION

Accordingly and for the reasons set forth herein Wisconsin Bell's motion for reconsideration (Dkt. 30) is **DENIED**.

**SO ORDERED** this ___7th___ day of July, 2011.

                                                    s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge