# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

MARY LEY,

        Plaintiff,

  v.                                                                               Case No. 09-C-1108

WISCONSIN BELL, INC.,

        Defendant.

---

## ORDER

---

Plaintiff Mary Ley alleges Defendant Wisconsin Bell, Inc. discriminated against her on the basis of disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 2101 (hereinafter the ADA), and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 (hereinafter the FMLA). Currently before me is Defendant's motion in limine to exclude evidence and testimony pertaining to four issues.[1] First, Defendant seeks to bar Julene Baldwin's July 2005 day of visits to employees' homes. Second, Defendant seeks to bar alleged comments of Baldwin and Cheryl Devroy regarding employees' use of leave. Third, Defendant seeks to exclude evidence of unidentified employees' administrative complaints alleging disability discrimination and/or FMLA violations. Finally, Defendant seeks to exclude Devroy's alleged comment in July 2007 regarding Ley's sales numbers. Defendant's motion will be granted in part and denied in part for the reasons set forth herein.

---

[1] Defendant's motion also sought to bar the Wisconsin Department of Workforce Development hearing examiner's decision on Ley's claim for unemployment insurance benefits. In her response, Plaintiff noted she does not plan to introduce this kind of evidence, so I will not address this issue.

**STANDARD**

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). District courts have broad discretion in ruling on motions in limine, but evidence should not be excluded before trial unless it is clearly inadmissible on all potential grounds. *Gage v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 365 F. Supp. 2d 919, 926 (N.D. Ill. 2005) (citing *Luce*, 469 U.S. at 41 n. 4). Otherwise, rulings should be deferred until trial so questions of foundation, competency, relevancy, and potential prejudice may be resolved in proper context. *Id.* A court's decision to deny a motion in limine does not intimate all evidence contemplated by the motion will be admitted at trial; rather, denial suggests the court "cannot determine whether the evidence should be excluded *outside* the trial context." *McClain v. Anchor Packing Co.*, No. 89 C 6226, 1996 WL 164385, at *2 (N.D. Ill. Apr. 3, 1996) (emphasis added).

**ANALYSIS**

**1. Baldwin's Day of Visits**

Evidence suggests that in 2005, Julene Baldwin visited the homes of several employees on medical leave, allegedly to intimidate them into not taking medical leave. Defendant contends this evidence is irrelevant and unduly prejudicial. Defendant's motion on this point is mainly based on a "stray remark" or "cat's paw" analysis.

However, this Court has already discussed at length the relevance of these types of remarks and concluded they are admissible. Specifically, in concluding the visit was relevant and admissible, this Court declared in its previous summary judgment order: "A jury could look to this

fact — having an attendance manager go to the homes of employees on FMLA leave — as evidence of General Manager Baldwin's motivations. . . . While the home visits may be too attenuated to have cause and effect bearing on Ley's termination they do provide circumstantial evidence of the Appleton call center's culture." (ECF No. 28 at 12.) As already discussed, then, per applicable law the home visit evidence is relevant and proper for the jury's consideration. Defendant's motion is accordingly denied with respect to the home visit evidence.

**2. Baldwin and Devroy's Comments on Employees' Use of Leave**

Defendant moves to exclude Baldwin and Devroy's alleged "unspecified negative comments about employees who requested medical leave." (ECF No. 40 at 5.) Defendant avers that these comments lack factual foundation and that none of them "point directly" to an unlawful motive for Ley's discharge. (*Id.* at 6.) However, as Plaintiff notes, there is at this point no basis to suggest these witnesses' statements lack foundation. According to their declarations, these witnesses — particularly Sean Brownson and Pam Schampers — have detailed information about Baldwin and Devroy's statements. Additionally, Defendant had an opportunity to depose these persons and address any alleged deficiencies or vulnerabilities, but failed to do so.

Furthermore, as noted above, this Court has already ruled on the admissibility of stray remarks and concluded such statements are proper and relevant evidence per applicable precedent, including the standards of *Staub* and *Dey*. (ECF No. 28.) Baldwin and Devroy's statements regarding employees' use of leave are therefore admissible. Defendant's motion is denied with respect to these comments.

3

**3. Unidentified Employees' Complaints**

Other employees of the Appleton call center have filed charges with the EEOC and DWD's Equal Rights Division alleging disability and FMLA discrimination. There have been no findings of discrimination on these other charges. Defendant claims this evidence is irrelevant and therefore seeks to exclude it.

Ley only seeks admission of the following evidence of other employee complaints, as Defendant admitted true in its Reply Findings of Fact (ECF No. 27):

> Between January 1, 2005 and December 31, 2007, about 15 workers who worked at Defendant's Appleton Call Center had filed complaints with the U.S. Equal Employment Opportunity Commission (EEOC), and/or with the Equal Rights Division (ERD) of the Wisconsin Department of Workforce Development (DWD), alleging disability discrimination and/or Wisconsin FMLA violations.

Ley says she will not present additional information or additional witnesses as to these complaints. Ley contends these facts are pertinent in that they involve Appleton Call Center workers who, like Ley, had medical-related legal complaints and worked in the center overseen by Baldwin.

However, as Defendant's reply brief highlights, the fact that another employee filed a charge with the EEOC is not probative of whether Ley's claim has any merit, particularly when Ley admits she does not intend to show how any of the charges are even related to hers. Consequently Ley will not be permitted to introduce evidence as to the complaints of unidentified employees. This portion of Defendant's motion is thereby granted.

**4. Devroy's July 2007 Comment Regarding Ley's Sales Numbers**

Finally, Ley alleges in a July 2007 performance review Devroy commented that "due to [Ley's] absence due to MS, that [she] would have to sell her butt off to get [her] numbers up."

(ECF No. 20-2, Ley Dep. at 148.) Defendant contends the alleged remark should be excluded on several bases. Namely, Defendant argues the alleged remark was isolated and insufficiently linked to Ley's discharge, and therefore cannot be direct or circumstantial evidence of discrimination. (ECF No. 40 at 11–20.) In other words, Defendant bases its motion on this point again on a theory of cat's paw or stray remarks.

Again, this argument has already been briefed and decided by this Court, Docket 28. As stated in that earlier order with respect to this comment, the jury should be allowed to consider evidence as to the statement, decide whether it believes Devroy or Ley as to whether it was said, and decide whether and what weight it carries as to discriminatory animus by Devroy. The evidence of this comment is therefore admissible and Defendant's motion as to this point will accordingly be denied.

In conclusion, Defendant's motion in limine is **DENIED** in all respects except as to its motion to exclude evidence of unidentified employee's complaints. Defendant's motion to exclude evidence of unidentified employee complaints is **GRANTED**.

**SO ORDERED** this   5th   day of October, 2011.

       s/ William C. Griesbach
       William C. Griesbach
       United States District Judge